# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

PAUL SATKOWIAK,
  Plaintiff,

              Case No.: 23-cv-13096
              Honorable _____

  v.

              **COMPLAINT**
DANIELLE MCLAIN,         **JURY DEMANDED**
UNKNOWN EGLE AGENT NO. 1, and
UNKNOWN EGLE AGENT NO. 2, all
sued in their official and personal
capacities,
  Defendants
_____/

## COMPLAINT[1]

  NOW COMES Plaintiff PAUL SATKOWIAK, by and through counsel, and complains as follows:

### PARTIES

  1.  Plaintiff PAUL SATKOWIAK is a property owner of an approximate 16-acre parcel located on Cody-Estey Road in Bay County's Mount Forest Township, Parce No. 110-017-400-040-02.

  2.  Defendant DANIELLE MCLAIN is an employee of the Department of Environment, Great Lakes, and Energy who conducted a search of Plaintiff's property on December 5, 2023. She is sued in her official and personal capacities.

  3.  Defendant UNKNOWN EGLE AGENT NO. 1 is an employee of the Department of Environment, Great Lakes, and Energy who conducted a search of Plaintiff's property on December 5, 2023. She is sued in her official and personal capacities. Discovery will reveal the identity of this Defendant.

---

[1] Notice of Possible Other Related Case: *EGLE v Satkowiak*, Ingham County Circuit Court Case No. 2023-0246-CE (Jamo, J).

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

4.     Defendant UNKNOWN EGLE AGENT NO. 2 is an employee of the Department of Environment, Great Lakes, and Energy who conducted a search of Plaintiff's property on December 5, 2023. He is sued in his official and personal capacities. Discovery will reveal the identity of this Defendant.

## JURISDICTION

5.     This is a civil action brought inter alia pursuant to 42 U.S.C. § 1983 seeking relief against Defendants for violations of the United States Constitution and Michigan law.

6.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, which authorizes federal courts to decide cases concerning federal questions; 28 U.S.C. § 1343, which authorizes federal courts to hear civil rights cases; 28 U.S.C. § 2201, which authorizes declaratory judgments via the Declaratory Judgment Act; and 28 U.S.C. § 1367, which authorizes supplemental state law claim(s).

7.     Venue is proper in this Court as Defendants conduct or conducted their business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

8.     Pending before the Ingham County Circuit Court is a civil lawsuit filed by the State of Michigan's Department of Environment, Great Lakes, and Energy seeking relief related to wetlands and soil erosion allegations under Parts 31, 91, and 303 of the *Natural Resources of Environmental Protection Act*.

9.     As part of that process, the Ingham County Circuit Court authorized an "inspection" or search of the Cody-Estey Road property on December 5, 2023.

10.     At approximately at 11:00a.m., agents of the State of Michigan's Department of Environment, Great Lakes, and Energy, including two individuals serving as legal counsel, descended on the Cody-Estey Road property to conduct the inspection.

11.     The inspection was nearly three hours.

12.     However, never has the Ingham County Circuit Court authorized any Defendant, as agent of the State of Michigan's Department of

Environment, Great Lakes, and Energy, to "seize" any "thing" located on the Cody-Estey Road property.

13. During that inspection, Defendants, individually or collectively, seized water and soil samples without a warrant and without the consent of Plaintiff Paul Satkowiak—



14. When the samples and things were observed being seized by Defendants, counsel for Plaintiff Satkowiak expressly objected to the on-site

legal counsel for the Department that seizing and carrying off the samples and things was outside the authorization of any orders of the Ingham County Circuit Court (i.e. a warrant) and no consent was provided.

15.    Assistant Attorney General Echo Aloe, who was physically present during the December 5, 2023 inspection, declared that such was being done anyway and Defendants did not halt their unconstitutional and illegal acts.

16.    Defendants departed the Cody Estey Road property with items and things that were illegal seized contrary to the law.

**COUNT I**
**FOURTH AMENDMENT VIOLATIONS**
**42 U.S.C. § 1983**

17.    The prior allegations are reincorporated herein.

18.    The Fourth Amendment provides "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons *or things to be seized*."

19.    The order (i.e. *de facto* warrant) of the Ingham County Circuit Court did not particularly describe any "thing[]" authorized "to be seized" and did not provide authorization for Defendants to seize anything.

20.    In the absent of consent, a warrant, or an exemption to the warrant requirement, the seizure of any items (i.e. water samples and dirt samples) from the Cody-Estey Road property on December 5, 2023 violated the Fourth Amendment.

21.    The illegal and unconstitutional seizure was undertaken without consent or prior knowledge of Plaintiff Paul Satkowiak.

22.    In the alternative and to the extent that any Defendant did not actually seize things belonging to Plaintiff but were present during the seizure, he or she failed to intervene to stop the illegal and unconstitutional actions of those who were undertaking the same.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

23.    Plaintiff Paul Satkowiak has experienced harm by the unconstitutional actions undertaken by Defendants in contradiction of the Fourth Amendment to the United States Constitution.

24.    The actions and/or inactions of Defendants, in their official capacity, is the result of a policy, custom, and/or practice sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services* and its progeny.

25.    Defendants, in their official capacity, are liable pursuant to the *Monell* standard as flowing from the execution of a policy or custom pursuant one or more of the four recognized methodologies, see *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

26.    The conduct of Defendants was reckless and undertaken with complete indifference and wanton disregard to the federal rights of Plaintiff Paul Satkowiak to be free from violations of the Fourth Amendment to the United States Constitution.

**COUNT II**
**CLAIM AND DELIVERY**

27.    The prior allegations are reincorporated herein.

28.    Plaintiff Paul Satkowiak is the lawful owner of all "things" seized by Defendants on December 5, 2023.

29.    Plaintiff Paul Satkowiak is lawfully entitled to possession and return of the "things" seized by Defendants on December 5, 2023.

30.    Defendants have current possession and/or control of the "things" seized by Defendants on December 5, 2023 and yet does not have the right to possess of or have ownership over the property taken.

31.    Plaintiff Paul Satkowiak demand a claim-and-delivery / replevin judgment to immediately effectuate the return of the "things" seized on December 5, 2023 by Defendants without a sufficient warrant or consent.

32.    Plaintiff Paul Satkowiak is not seeking damages as part of this claim because a monetary-damages remedy is barred by government immunity under Michigan law.

**JURY DEMAND**

33.     A jury trial is demanded for all triable issues.

**RELIEF REQUESTED**

34.     WHEREFORE, Plaintiff Paul Satkowiak respectfully requests this Court to—

a.     Declare, by a declaratory judgment, that the actions of Defendants to have violated and continue to violate the Fourth Amendment to the United States Constitution;

b.     Enter injunction(s) and/or a claim-and-delivery order immediately restoring to Plaintiff Paul Satkowiak all "things" seized on December 5, 2023 by Defendants;

c.     Enter an injunction requiring the destruction and/or expungement of data extracted from the illegal seized to vindicate rights secured by the Constitution or by statute, see e.g. *Fendler v. U.S. Parole Comm'n*, 774 F.2d 975, 979 (9th Cir. 1985) ("Federal courts have the equitable power 'to order the expungement of Government records where necessary to vindicate rights secured by the Constitution or by statute.'");

d.     Enter an order for an award of applicable damages including nominal damages;

e.     Enter an order for an award of punitive damages against Defendants in their personal capacities;

f.     Enter an order for an award of actual reasonable attorney fees and litigation expenses pursuant to 42 U.S.C. § 1988 and all other applicable laws, rules, or statutes; and

g.     Enter an order for all such other relief the court deems warranted and/or equitable.

OUTSIDE LEGAL COUNSEL PLC
www.olcplc.com

RESPECTFULLY SUBMITTED:

*Philip L Ellison*

OUTSIDE LEGAL COUNSEL PLC
by PHILIP L. ELLISON (P74117)
Attorney for Plaintiff
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Date: December 6, 2023